IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

Vs.                             No.  04-40110-01-SAC

JUSTIN S. ALCORN,

       Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the following pretrial motions of the defendant:  Motion to Dismiss Count Two of the Original Indictment or, in the alternative, for a Bill of Particulars (Dk. 18); Motion to Disclose Identities and Information on Informants and Cooperating Individuals (Dk. 20); Motion to Determine Admissibility of Co-Conspirators' Statements (Dk. 22); Motion to Dismiss Count Two of the Original Indictment (Dk. 24); and Motion to Dismiss Count Three of the Original Indictment.  (Dk. 25).  The government has filed a combined response to the defendants' motions.  (Dk. 26).  The court set the motions down for a hearing, but the parties subsequently indicated to the court's staff that the motions could be decided without a hearing.  The court cancelled the hearing and submits the following as its ruling on the pending motions.

**INDICTMENTS**

The grand jury returned an indictment on September 8, 2004, that charged the defendant with three counts:  (1) unlawful possession of a firearm on August 24, 2004, after a prior felony conviction in violation of 18 U.S.C. §  922(g); (2) conspiracy to purchase methamphetamine on August 24, 2004, in violation of 21 U.S.C. §  846; and (3) using, carrying and discharging a firearm during and in relation to a drug trafficking crime on August 24, 2004, in violation of 18 U.S.C. § 924(c)(1)(A).  On March 23, 2005, the grand jury returned a superseding indictment that charged the defendant with four counts:  (1) unlawful possession of a firearm on June 24, 2004, after a prior felony conviction in violation of 18 U.S.C. §  922(g); (2) unlawful possession of a firearm on August 24, 2004, after a prior felony conviction in violation of 18 U.S.C. § 922(g); (3) attempted possession with the intent to distribute methamphetamine on August 24, 2004, in violation of 21 U.S.C. § 846; and (4) using, carrying and discharging a firearm during and in relation to a drug trafficking crime on August 24, 2004, in violation of 18 U.S.C. §  924(c)(1)(A) and (2).  The superseding indictment includes no conspiracy count.

**MOTION TO DISMISS COUNT TWO OR FOR A BILL OF PARTICULARS (Dk. 18)**

The defendant requests a bill of particulars on the conspiracy that was

charged in count two of the original indictment.  As a result of the superseding

indictment which deleted the conspiracy count, this motion is denied as moot.

## MOTION TO DISCLOSE IDENTITIES AND INFORMATION ON INFORMANTS AND COOPERATING INDIVIDUALS (Dk. 20)

The defendant seeks an order requiring the government to disclose the

identities and background information of all confidential informants and

cooperating individuals who have assisted or will assist the government in the

investigation or prosecution of this case.  The defendant includes a laundry list of

information sought in this regard.  The government represents that this is an open

file case, that there are no confidential informants or witnesses in this case, and that

the names of all witnesses known to the government have been disclosed in the

information provided.  The government is unaware of any consideration or

inducement being provided to a witness or informant.  The government has

furnished prior statements and criminal histories as to the three known witnesses.

In light of the government's response and its representation of this being an open

file case, the court denies the defendant's motion as moot and otherwise exceeding

the scope of required and necessary discovery.

## MOTION TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS (Dk. 22)

Anticipating that the government will attempt to introduce co-

conspirator's statements at trial pursuant to the hearsay exception of Fed. R. Evid. 801(d)(2)(E), the defendant requests a James hearing prior to the government's introduction of such evidence for the court to determine admissibility.  The government responds that the only statements of co-conspirators currently known were made to law enforcement officers after the conspiracy ended. The government further represents that no officer will be testifiying as to co-conspirator statements under Rule 801(d)(2)(E).  Based on the government's representations, the court concludes a James hearing is unnecessary at this time and denies the motion as moot.

**MOTION TO DISMISS COUNT TWO FOR LACK OF A CONSPIRATORIAL AGREEMENT  (Dk. 24).**

Relying on police reports, the defendant argues that the government can prove nothing more than a buyer/seller relationship existing between him and Victor Silva and that such a relationship will not support the conspiracy that was charged in count two of the original indictment.  With the filing of the superseding indictment which omitted any conspiracy count, this motion has become moot and, therefore, is denied.

**MOTION TO DISMISS COUNT THREE FOR LACK OF EVIDENCE**

Also relying exclusively on police reports, the defendant argues there

is no evidence that the firearm in question was ever used, carried, or discharged by the defendant so as to facilitate the conspiracy alleged in count two of the indictment.  Though the superseding indictment retains a § 924(c) charge, count four now alleges that the predicate drug trafficking crime is the attempted possession with the intent to distribute methamphetamine as charged in count three of the superseding indictment.  This new charge moots the specific arguments found in the defendant's motion.  Moreover, the defendant's alleged use of the firearm in self-defense does not preclude a conviction for using and carrying the same firearm during and in relation to his attempted possession with the intent to distribute methamphetamine.  *See United States v. Johnson*, 977 F.2d 1360, 1378 (10th Cir. 1992) (evidence showed that the defendants did not arm themselves only in response to threat but that the firearms "were already readily accessible"); *see also United States v. Sloley*, 19 F.3d 149, 153 (4th Cir. 1994) ("As matter of law, 'self-defense is irrelevant to a section 924(c) violation.' *United States v. Poindexter*, 924 F.2d 354, 360 (6th Cir.), *cert. denied*, 502 U.S. 994 (1991)." (other citations omitted)).

IT IS THEREFORE ORDERED that the Motion to Dismiss Count Two of the Original Indictment or, in the alternative, for a Bill of Particulars (Dk. 18), the Motion to Disclose Identities and Information on Informants and

Cooperating Individuals (Dk. 20), Motion to Determine Admissibility of Co-Conspirators' Statements (Dk. 22), Motion to Dismiss Count Two of the Original Indictment (Dk. 24) and Motion to Dismiss Count Three of the Original Indictment (Dk. 25) are denied as moot.

Dated this 24th day of March, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge